**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **JAMES BELL McCOY, SR., #1299701,**     ) | |
|             Plaintiff,                                         ) | |
|                                                                       ) | |
| **v.**                                                             ) | 3:05-CV-2096-P |
|                                                                       ) | ECF |
| **HONORABLE HENRY WADE, JR.,**       ) | |
|             Defendant.                                      ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties:  Plaintiff is presently incarcerated at the Michael Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID). Defendant is Judge Henry Wade, Jr.

The Court did not issue process in this case, pending preliminary screening. On October 27, 2005, the Court issued a questionnaire to Plaintiff, who filed his answers on November 8, 2005.

Statement of Case:  The complaint seeks to challenge Plaintiff's conviction for aggravated sexual assault of a child from the 292nd Judicial District Court of Dallas County in

Cause No. F02-02115-V.  (Attachment to Complaint at 1 and Answer to Question 1).

Punishment was assessed at thirty-five years imprisonment on March 23, 2005.  (Id.).  Plaintiff alleges that the crime of which he was convicted was barred from prosecution by the ten-year statute of limitations.  According to Plaintiff, Judge Wade manipulated the legal system, coerced Plaintiff's retained counsel to withdraw, improperly revoked Plaintiff's bond, and violated Plaintiff's right to a speedy trial.  Plaintiff requests monetary compensation and an order vacating his judgment of conviction.

Findings and Conclusions:  The court has permitted Plaintiff to proceed *in forma pauperis*.  His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court.  Section 1915A provides in pertinent part that:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added).  See also 28 U.S.C. § 1915(e)(2)(B).

Section 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Any claims for monetary damages against Judge Henry Wade, Jr., are barred by the doctrine of absolute immunity.[1]  According to Plaintiff, Judge Wade misused his powers as

---

[1] "Despite the applicability of Heck v. Humphrey, 512 U.S. 477 (1994) [as set out more fully below], a district court may appropriately consider the possible applicability of the doctrine of absolute immunity as a threshold matter in making a section 1915(d) determination."

Judge in the course of his criminal prosecution when he manipulated the judicial system to deny Plaintiff's motion to quash the indictment, coerced Plaintiff's retained counsel to withdraw, revoked Plaintiff's bond, and denied Plaintiff a speedy trial. It is self-evident that any ruling issued by Judge Wade with respect to any of the above issues occurred in his capacity and function as a judge, which in and of itself renders him immune from a suit for monetary damages. Stump v. Sparkman, 435 U.S. 349, 359 (1978); see also Brandley v. Keeshan, 64 F.3d 196, 200-201 (5th Cir. 1995). Therefore, Plaintiff's claims against Judge Wade should be dismissed with prejudice as frivolous and for seeking monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915A(b)(1) and (2) and 1915(e)(2)(B)(i) and (iii).[2]

Even assuming Plaintiff's claims were not barred by absolute immunity, they would impugn the validity of his conviction for aggravated sexual assault, for which he is presently confined within TDCJ-CID. In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court stated:

> in order to recover damages for allegedly unconstitutional conviction or

---

Krueger v. Reimer, 66 F.3d 75, 76 (5th Cir. 1995) (citing Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir.1994)); see also Littles v. Board of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995) (even if a complaint is subject to dismissal under Heck, it remains appropriate for district courts to resolve the question of immunity before reaching the Heck analysis).

[2] The handwritten attachment to the complaint challenges at length the conduct of Plaintiff's court appointed counsel. Section 1983 affords redress only for conduct committed by a person acting under color of state law. Neither appointed nor retained counsel acts under color of state law in representing a defendant in the course of a criminal case. See Polk County v. Dodson, 454 U.S. 312, 324, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 678 (5th Cir. 1988) (court appointed counsel are not official state actors); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985) (retained counsel does not act under color of state law). As such the conduct of Plaintiff's court appointed counsel is not cognizable in this § 1983 action.

3

>imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

The Heck Court unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's confinement, his claim "is not cognizable under [section] 1983." Id. at 487.

The main focus of Plaintiff's allegations is that he was unlawfully indicted and convicted for aggravated sexual assault. If proved, his claims would call into question the validity of his conviction for aggravated sexual assault for which he is presently serving a thirty-five year sentence in TDCJ-CID.

In answer to the questionnaire, Plaintiff confirms that he has not satisfied the favorable termination requirement set out in Heck. (Answer to Question 2). He concedes that his direct criminal appeal is presently pending. (Plaintiff's letter filed Jan. 20, 2006). Therefore, Plaintiff is precluded from maintaining a claim under § 1983 at the present time. The District Court should dismiss Plaintiff's complaint, but without prejudice to Plaintiff reasserting the same when the Heck conditions are met. See Clarke v. Stadler, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (dismissing Heck barred claim without prejudice); Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996) (noting that a § 1983 claim which falls under the rule in Heck is legally frivolous); Williams v. Cleer,123 F. Appx. 591, *593 (5th Cir. 2005) (following Stadler and dismissing Heck barred claims without prejudice to refiling at such time as the conviction or imprisonment

4

has been expunged, reversed or otherwise set aside).[3]

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed with prejudice as frivolous and for seeking monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915A(b)(1) and (2) and 1915(e)(2)(B)(i) and (iii). Alternatively, if the District Court determines that Judge Henry Wade should not be dismissed because he is not absolutely immune, the complaint should be dismissed as frivolous but without prejudice to Plaintiff's refiling of the same at such time as the conditions set out in Heck are met. See 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 31st day of January, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact

---

[3] In his letters filed on December 13, 2005, and January 20, 2006, Plaintiff requests the Court to assist him in obtaining a complete and legible copy of his trial transcript and appellate record. He states that the copies he received thus far are illegible and incomplete. Federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. Moye v. Clerk, DeKalb County Sup. Court, 474 F.2d 1275, 1275-76 (5th Cir. 1973). A review of the January 20, 2006 letter reflects that the only relief sought is mandamus type relief against the 292nd Criminal District Court and its employees.

5

conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.